Case: 2:25−cv−01099
Assigned To : Oberg, Daphne A.
Assign. Date : 12/4/2025
Description: Gutierrez v. Cach et al

Case 2:25-cv-01099-HCN-DAO    Document 1    Filed 12/04/25    PageID.1    Page 1 of 7

FILED
2025 DEC 4 AM 10:07
CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

PABLO LUIS GUTIERREZ,
Plaintiff,

v.

CACH, LLC;
JOHNSON MARK, LLC;
JORDAN S. ALLEN, ESQ.;
PETER RICHINS, ESQ.;
BUTCH JOHNSON, ESQ.,
Defendants.

Case No.: _____
Judge: _____

---

COMPLAINT

(FDCPA – 15 U.S.C. §1692 et seq.)

WITH SUPPLEMENTAL STATE LAW CLAIMS

DEMAND FOR JURY TRIAL

Plaintiff Pablo Luis Gutierrez, appearing pro se, alleges as follows:

---

INTRODUCTION

This action arises from a series of unlawful debt-collection practices carried out by Defendants, culminating in the enforcement of a void judgment and the illegal garnishment of Plaintiff's bank account while Plaintiff was overseas supporting U.S. military operations.

Plaintiff Pablo Luis Gutierrez was never served, never notified, and never given an opportunity to defend himself in the underlying Utah state action. Nevertheless, Defendants obtained a default judgment using an outdated address they knew or should have known was incorrect, and later executed an unlawful garnishment that seized $8,246.19 from Plaintiff's bank account.

Defendants compounded these violations by making false and misleading representations to the Consumer Financial Protection Bureau ("CFPB") regarding service, notice, and the status of the

alleged debt—statements directly contradicted by the Utah Third District Court, which on September 1, 2025, issued an Order Vacating Judgment and Quashing Garnishment.

Plaintiff brings this action under the Fair Debt Collection Practices Act (FDCPA) and related Utah law to recover actual, statutory, and punitive damages for Defendants' misconduct, including:

- Misrepresentations concerning service and legal status of the debt;
- Collection efforts without validation;
- Enforcement of a void judgment;
- Unfair and abusive debt-collection practices;
- Emotional, financial, and professional harm inflicted on Plaintiff.

Defendants' conduct deprived Plaintiff of due process, caused significant emotional distress, and disrupted Plaintiff's work obligations while deployed overseas under a U.S. Government contract. Plaintiff seeks relief to remedy these violations, to hold Defendants accountable, and to prevent similar misconduct in the future.

---

## I. JURISDICTION & VENUE

1. This action arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").
   Jurisdiction is proper under 28 U.S.C. § 1331.
2. The Court has supplemental jurisdiction over Plaintiff's related Utah state-law claims under 28 U.S.C. § 1367.
3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to the claims occurred in Utah and Defendants conduct business in this District.

---

## II. PARTIES

4. Plaintiff Pablo Luis Gutierrez is a United States citizen who maintains a permanent residence at 12227 S. Wingfoot Ct., Draper, Utah 84020, and who has been residing and working at Camp Buehring, Kuwait since December 2022 under a U.S. Government Operations & Maintenance contract supporting U.S. military personnel.
5. Defendant CACH, LLC is a third-party debt buyer and a "debt collector" under 15 U.S.C. §1692a(6).
6. Defendant Johnson Mark, LLC is a Utah law firm engaged primarily in debt-collection litigation and is a "debt collector" under the FDCPA.
7. Defendants Jordan S. Allen, Esq., Peter Richins, Esq., and Butch Johnson, Esq. are attorneys employed by or associated with Johnson Mark, LLC and are individually liable under Heintz v. Jenkins, 514 U.S. 291 (1995).

III. FACTUAL ALLEGATIONS

A. Plaintiff's Overseas Government Service

8.  Since December 2022, Plaintiff has been assigned to Camp Buehring, Kuwait, supporting U.S. forces as an Operations & Maintenance Manager.
9.  Plaintiff works 10–12 hour shifts, often 6–7 days per week, with restricted ability to receive U.S. mail or attend Utah court proceedings.

B. Plaintiff Moved From Midvale in 2018 and Resided in Draper

10. Plaintiff moved from 6905 S. 800 E., Midvale, Utah in 2018.
11. Since 2018, Plaintiff has continuously resided at 12227 S. Wingfoot Ct., Draper, Utah.

C. Defendants Used an Outdated Address and Never Served Plaintiff

12. Despite Plaintiff's Draper address being easily obtainable and later used in CFPB correspondence, Defendants used the incorrect Midvale address to send:

a. Validation notice
b. Summons and complaint
c. Default judgment notices
d. Garnishment notices

13. Plaintiff never received any documents at the Midvale address and was never served.
14. Plaintiff first learned of the case when $8,246.19 was seized from his KeyBank account on or about July 2, 2025.

D. The Judgment Was Void for Lack of Service

15. Defendants obtained a default judgment in 2020 without ever effectuating valid service.
16. On September 1, 2025, the Utah Third District Court issued an Order Vacating Judgment and Quashing Garnishment, finding that service was improper and ordering Plaintiff's funds returned.
    *Exhibit D – State Court Vacatur Order.*
17. A judgment entered without service is void ab initio; therefore, all enforcement actions were unlawful from inception.

E. Defendants Misrepresented Facts to the CFPB

18. In responses to Plaintiff's CFPB complaint, Johnson Mark falsely stated that:

- Plaintiff was mailed validation
- Plaintiff was served
- Plaintiff was mailed garnishment notice
- Wage garnishment began in 2020
- Funds were "in transit"

*Exhibit C – CFPB Filings.*

19. These statements were false and contradicted by the state court record.

F. Plaintiff's Emotional, Financial, and Professional Harm

20. The illegal garnishment caused:

- Severe anxiety
- Sleep disruption
- Fear of financial ruin
- Exhaustion
- Impacts on Plaintiff's ability to perform his duties supporting U.S. troops

21. Plaintiff spent hundreds of hours after work researching Utah law, drafting motions, and correcting Defendants' unlawful conduct.
*Exhibits A & B – Emotional Distress Declaration & Time Impact.*

IV. CAUSES OF ACTION

COUNT 1 – FDCPA §1692e

False, Deceptive, or Misleading Representations

22. Defendants violated §1692e by:

- Misrepresenting that Plaintiff was served
- Misrepresenting the legal status of the debt

- Misrepresenting facts to the CFPB
- Using an outdated address despite having the correct one
- Enforcing a void judgment

---

COUNT 2 – FDCPA §1692f

Unfair or Unconscionable Means

23. Defendants violated §1692f by:

- Executing garnishment under a void judgment
- Failing to verify the debt before collection
- Seizing $8,246.19 without jurisdiction
- Using deceptive methods to collect

---

COUNT 3 – FDCPA §1692g(b)

Failure to Validate Before Collecting

24. Plaintiff disputed the debt in writing in 2020.
25. Defendants never validated the debt but instead filed suit and later garnished Plaintiff's account.

---

COUNT 4 – Wrongful Garnishment (Utah Law)

26. Under Utah law, garnishment under a void judgment is unlawful.

---

COUNT 5 – Abuse of Process (Utah Law)

27. Defendants wrongfully used the judicial process to enforce a void judgment.

---

COUNT 6 – Negligence (Utah Law)

28. Defendants breached their duty by failing to confirm Plaintiff's correct address and failing to ensure proper service.

COUNT 7 – UCSPA (Utah Consumer Sales Practices Act)

29. Defendants engaged in deceptive and unconscionable practices.

V. DAMAGES

30. Plaintiff seeks:

Statutory damages under FDCPA — up to $1,000 per defendant.

Actual damages, including:

- Return of $8,246.19, unlawfully seized
- Emotional distress (See Exhibits A & B)
- Time expended correcting Defendants' conduct
- Professional disruption
- Financial anxiety

Punitive damages

Available under Utah law.

Attorney's fees

If Plaintiff retains counsel.

VI. JURY DEMAND

31. Plaintiff demands a trial by jury on all issues so triable.

VII. REQUEST FOR REMOTE APPEARANCE

32. Pursuant to FRCP 43(a), Plaintiff requests permission to appear remotely due to his overseas U.S. Government assignment at Camp Buehring, Kuwait.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and award:

1. Statutory FDCPA damages;
2. Actual damages, including $8,246.19 wrongfully seized;
3. Emotional distress damages;
4. Punitive damages;
5. Attorney's fees and costs;
6. Such other relief as the Court deems just.

DATED: 12/4/2025 _____

Respectfully submitted,

/s/ Pablo Luis Gutierrez
Plaintiff, Pro Se
Email: gutierrezinspections@gmail.com
Mailing Address: 12227 S. Wingfoot Ct., Draper UT 84020
Residence for Remote Appearance: Camp Buehring, Kuwait