Christopher J. Rogers, No. 10104
JOHNSON MARK, LLC
4548 S. Atherton Drive, Suite 100
Salt Lake City, UT 84123
Phone: 801-285-5725
Email: crogers@jmlaw.com
*Attorney for Defendants Johnson Mark, LLC;*
*Jordan Allen, Esq.; Peter Richins, Esq.; and Butch Johnson, Esq.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PABLO LUIS GUTIERREZ,<br><br>Plaintiff,<br><br>vs.<br><br>CACH, LLC; JOHNSON MARK, LLC; JORDAN ALLEN, ESQ; PETER RICHINS, ESQ; BUTCH JOHNSON, ESQ,<br><br>Defendants. | **JOHNSON MARK DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SCHEDULING CONFERENCE AND PROPOSED ALTERNATIVE SCHEDULING ORDER**<br><br>Case No. 2:25-cv-01099-HCN-DAO<br><br>Judge Howard C. Nielson, Jr<br>Magistrate Judge Daphne A. Oberg |

Pursuant to this Court's order entered on February 26, 2026 [Docket No. 35] and in response Plaintiff's Motion for Scheduling Conference [Docket No. 34] in this matter, Defendants Johnson Mark, LLC, Butch Johnson, Jordan S. Allen, and Peter Richins (collectively, "Johnson Mark" or "Johnson Mark Defendants" or "Defendants"), through counsel, submits their Response to Plaintiff's Motion for Scheduling Conference and Proposed Alternative Scheduling Order as follows:

I.     DEFENDANTS AGREE IN PART AND OBJECT IN PART TO PLAINTIFF'S PROPOSED ATTORNEY PLANNING MEETING REPORT AND PROPOSE AN ALTERNATIVE

Plaintiff and Defendants agree in part and object in part to Plaintiff's proposed attorney planning meeting report [Docket 34-1] in this matter.  As a result, pursuant to the Court's Order, the Johnson Mark Defendants propose and submit an alternative attorney planning meeting report[1] and a proposed scheduling order.[2]

Based on the discussion between the parties during the scheduling conference and upon information and belief, although the parties are in agreement with many sections of the proposed attorney planning meeting report, the parties are not in agreement with the following sections:

- Section 1.a Claims and Defenses
- Section 1.d Initial Disclosure due date
- Section 3.b Discovery Subjects
- Section 3.d Electronically Stored Information
- Section 5.a.1 and 5.b.1 Deadline to Amend Pleadings and Join Parties

The Johnson Mark Defendants will address plaintiff's proposal, defendants' alternatives, and the reasons why defendant's alternative should be adopted in each section as follows:

\\

\\

---

[1] *See Exhibit 1*, Defendants' Attorney Planning Meeting Report. Defendants' proposed Attorney Planning Meeting report has already been emailed to the court clerk in word format as required and is attached herewith as a PDF version for ease of reference.

[2] *See Exhibit 2*, Defendants' Proposed Scheduling Order. Defendants' Proposed Scheduling order has already been emailed to the court clerk in word format as required and is attached herewith as a PDF version for ease of reference.

## A. Section 1.a. Claims and Defenses

        *a. Plaintiffs proposal for Section 1.a. is as follows:*

Plaintiff Pablo Luis Gutierrez alleges violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.) and related Utah state-law claims arising from Defendants' alleged failure to provide meaningful post-service notice of default, judgment, and garnishment proceedings, and related collection conduct.

Plaintiff alleges that after proper service of the summons and complaint, Defendants failed to provide meaningful notice of subsequent proceedings, resulting in garnishment of Plaintiff's bank account pursuant to a judgment later vacated and garnishment proceedings quashed by the Utah Third Judicial District Court.

Plaintiff further alleges misrepresentations to the Consumer Financial Protection Bureau and asserts state-law claims including wrongful garnishment, abuse of process, negligence, and violations of the Utah Consumer Sales Practices Act.

Defendants deny all allegations of wrongdoing in Plaintiff's complaint. Defendants assert affirmative defenses in their answers including, among other things, failure to state a claim, lack of damages, bona fide error, litigation privilege, laches, waiver, estoppel, statute of limitations, res judicata, Rooker-Feldman, unclean hands, mitigation, standing, set-off, and other equitable and statutory defenses.

\\

\\

\\

\\

     *b.  Defendants' alternative for Section 1.a is as follows:*

Plaintiff Pablo Luis Gutierrez alleges that CACH, LLC and the law firm Johnson Mark, LLC engaged in unlawful debt-collection practices by obtaining and enforcing a void default judgment. Gutierrez claims he was never served or notified of the underlying Utah state action because the defendants used an outdated address. This lack of notice allegedly led to the illegal garnishment of $8,246.19 from his bank account in July 2025. Although a Utah state court vacated the judgment and quashed the garnishment in September 2025, the garnished funds were returned but the state court ruled that service of the complaint and initial disclosures were properly served and rolled back the procedural posture of the case to that point. Gutierrez brings this federal action under the Fair Debt Collection Practices Act (FDCPA) and Utah law, seeking statutory, actual, and punitive damages for misrepresentations, due process violations, and the emotional and professional distress caused by the defendants' conduct.

Defendants deny all allegations of wrongdoing in Plaintiff's complaint. Defendants assert affirmative defenses in their answers including, among other things, failure to state a claim, lack of damages, bona fide error, litigation privilege, laches, waiver, estoppel, statute of limitations, res judicata, Rooker-Feldman, unclean hands, mitigation, standing, set-off, and other equitable and statutory defenses.

     *c.  Reasons why Defendants' alternative should be adopted:*

Plaintiff's language used to describe the claims and defenses is vague and does not accurately represent the circumstances, claims, and defenses asserted.  Defendants argue that their proposed language provides the court important context of the circumstances

and history, nature of the claims, and potential defenses.  Plaintiff's proposed language is vague and ambiguous and not as helpful in describing the claims or defenses in comparison to Defendants' proposed language.

## B. Section 1.d. Initial Disclosure

   *a.  Plaintiffs proposal for Section 1.d. Initial Disclosures is as follows:*

The parties were unable to agree on the timing of initial disclosures. Plaintiff proposes that the parties exchange initial disclosures simultaneously on March 13, 2026, unless otherwise agreed in writing, pursuant to Fed. R. Civ. P. 26(a)(1)(C).

   *b.  Defendants' alternative for Section 1.d Initial Disclosures is as follows:*

Plaintiff's initial disclosure is due on March 13, 2026. Defendants initial disclosures are due 30 days after Plaintiff's initial disclosures are served on the parties

   *c.  Reasons why Defendants' alternative should be adopted:*

The parties agree on the date of March 13, 2026 for the due date of Plaintiff's initial disclosures but disagree on Defendants' due date for initial disclosures. Plaintiff is a pro se party and, as a result, there is a likelihood that Plaintiff will not completely provide the necessary information in the initial disclosures.  This may result in motions or other actions to limit the claims in this matter or the scope of discovery based on the information provided by Plaintiff in his initial disclosures.  This models the Utah state rule for discovery and allows Defendants to review Plaintiff's initial disclosures first in order to see what documents and information Plaintiff already has in his possession in order to reduce duplication, inefficiency, and unnecessary document and information production.  As a result, Defendants believe a 30 day deadline to submit Defendants'

initial disclosures after Plaintiff's initial disclosure submission is reasonable and increases efficiency and reduces costs and unnecessary duplication.

### C. Section 3.b Discovery Subjects

*a. Plaintiffs proposal for Section 3.b Discovery Subjects is as follows:*

Plaintiff's account at issue and communications regarding Plaintiff's account at issue, including but not limited to post-service notice practices, address verification and update procedures, garnishment decision-making processes, litigation management practices, electronic database structure and address-field functionality, compliance and training policies, communications with regulatory agencies, and information relevant to Defendants' asserted affirmative defenses.

Such discovery is limited to matters relevant to Plaintiff's claims and Defendants' asserted defenses and proportional to the needs of the case under Rule 26(b)(1).

*b. Defendants' alternative for Section 3.b Discovery Subjects is as follows:*

Plaintiff's account at issue and communications regarding Plaintiff's account at issue.

*c. Reasons why Defendants' alternative should be adopted:*

The parties agree that the discovery subjects should be "Plaintiff's account at issue and communications regarding Plaintiff's account at issue," however Defendants object to the "*including but not limited to*" language Plaintiff wants to add.  This additional language appears to preemptively and prematurely expand the scope of discovery by giving Plaintiff a "green light" to expand into these discovery areas without knowing the specific requests. Defendants believe the more appropriate scheduling order language

would be to keep the language broad and not specific and to deal with any specific discovery requests into specific areas subject to future requests and objections by the parties.  Defendants assert that is the premature to give Plaintiff a "green light" to delve into the areas until the specific requests are reviewed and evaluated by the parties.

### D.  Section 3.d Electronically Stored Information

     *a.  Plaintiffs proposal for Section 3.d Electronically Stored Information is as follows:*

Plaintiff and Defendants were unable to agree on the level of specificity regarding ESI preservation. Plaintiff proposes inclusion of Rule 37(e) preservation language to ensure clarity and reduce the likelihood of future disputes.

The parties agree to exchange electronically stored information (ESI) in reasonably usable formats such as PDF, native files, or standard image formats with associated metadata when relevant. Relevant ESI may include, without limitation, account notes, collection management systems, address verification databases, litigation tracking systems, email communications, garnishment-related data, and communications with regulatory agencies relating to Plaintiff. Metadata sufficient to identify date, sender, recipient, and system source shall be preserved where reasonably available.

The parties will meet and confer as needed regarding specific ESI requests, search terms, or burdens.

The parties agree to preserve relevant ESI consistent with Fed. R. Civ. P. 37(e).

No special ESI protocol is requested at this time.

\\

b. *Defendants' alternative for Section 3.d Electronically Stored Information is as follows:*

The parties agree to exchange electronically stored information (ESI) in reasonably usable formats such as PDF, native files, or standard image formats with associated metadata when relevant. The parties will meet and confer as needed regarding specific ESI requests, search terms, or burdens. No special ESI protocol is requested at this time.

c. *Reasons why Defendants' alternative should be adopted:*

Similar to the objection under Discovery Subjects, Defendants object to Plaintiff including a laundry list of EDI areas. This additional language appears to preemptively and prematurely expand the scope of EDI by giving Plaintiff a "green light" to expand into these areas without knowing the specific requests so that Defendants can understand what is specifically requested and object as necessary. Defendants believe the more appropriate scheduling order language for EDI would be to keep the language as Defendant proposes.

**E. Section 5.a.1 and 5.b.1 Deadline to Amend Pleadings & Join Parties**

a. *Plaintiffs proposal for Section 5.a.1 and 5.b.1 Deadline to Amend Pleadings and Join Parties is as follows:*

Plaintiffs: The parties were unable to agree on the deadline for amendment of pleadings. Plaintiff proposes a deadline of March 13, 2026, or fourteen (14) days after completion of initial written discovery, whichever is later.

Plaintiffs: The parties were unable to agree on the deadline to file a motion to join additional parties. Plaintiff proposes a deadline of March 13, 2026, or fourteen (14) days after completion of initial written discovery, whichever is later.

b. *Defendants' alternative for Section 5.a.1 and 5.b.1 Deadline to Amend Pleadings and Join Parties is as follows:*

| Deadline to file a motion to amend pleadings— | | |
|---|---|---|
| 1. | Plaintiffs: | *04/01/26* |
| 2. | Defendants: | *04/15/26* |
| | | |
| Deadline to file a motion to join additional parties— | | |
| 1. | Plaintiffs: | *03/13/26* |
| 2. | Defendants: | *03/30/26* |

c. *Reasons why Defendants' alternative should be adopted:*

Defendants object to a floating 14 deadline to amend pleadings or add parties that could potential occur outside the discovery deadlines.  Defendants propose a firm date to join parties or amend the pleadings.  Plaintiff already has available avenues to add parties or amend the pleadings subject to the Federal Rules of Civil Procedure.  Defendants do not believe this timeline should be expanded beyond what is already provided in the rules.

II.    **REQUEST THAT THE COURT ADOPT DEFENDANTS' PROPOSED ATTORNEY PLANNING MEETING REPORT AND PROPOSED SCHEDULING ORDER**

Based on the arguments articulated above, Defendants submit an alternative attorney planning meeting report [*Exhibit 1*] and Defendants' proposed scheduling order [*Exhibit 2]* and respectfully request that the court adopt the same and enter the Defendants' proposed scheduling order in this matter.

\\

DATED __5th__ day of __MARCH__, 2026

                                  */s/Christopher J. Rogers*
                                    Christopher J. Rogers
                                    *Attorney for Defendants Johnson Mark,*
                                    *LLC; Jordan Allen, Esq.; Peter Richins,*
                                    *Esq.; and Butch Johnson, Esq.*

## CERTIFICATE OF SERVICE

I hereby certify that on the __5th__ day of ___MARCH___, 2026, a true and correct copy of the above and foregoing was served **via CM/ECF** to the following:

Pablo Luis Gutierrez
12227 S WINGFOOT CT
DRAPER, UT 84020
Email: gutierrezinspections@gmail.com
*Plaintiff Pro Se*


Chase A. Adams
STEELE ADAMS HOSMAN
6713 S 1300 E
COTTONWOOD HEIGHTS, UT 84121
801-816-3999
Email: chase@sahlegal.com
*Attorney for Defendants CACH, LLC*


　　　　　　　　　　　　　　__/s/Christopher J. Rogers__